# COPY

United States District Court
Southern District of Texas
FILED

MAR 1 2 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

JUAN ANTONIO PADILLA-PACINA,
     Petitioner/Defendant,

versus

UNITED STATES OF AMERICA;
     Plaintiff/Respondent.

§
§
§
§
§
§
§
§
§

Case No. 1:00CR00010-001

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S APPLICATION FOR POST CONVICTION RELIEF PURSUANT TO TITLE 28 OF THE UNITED STATES CODE SECTION 2255

COMES NOW THE PETITIONER, Juan Antonio Padilla-pacina, acting In Propria Persona, (hereinafter referred to as the "PETITIONER") and in support of his application for post conviction relief pursuant to Title 28 U.S.C. § 2255 hereby states as follows:

1.    Petitioner Padilla-Pacina is currently confined in Federal Prison at FCC Beaumont-Low, in Beaumont, Texas, as a result of the instant conviction and sentence.

### JURISDICTION

2.    Jurisdiction is invoked in this Court pursuant to Title 28 of the United States Code § 2255.

### CONSTITUTIONAL INJURIES

3.    The inquiry in the instant matter is one of purely constitutional nature. This petitioner shall address the Fifth and Sixth Amendment violation suffered by this petitioner as they apply CONSTRUCTIVE DENIAL ASSISTANCE OF COUNSEL.

## PROCEDURAL DUE PROCESS

4.    Procedural due process as to intensive review of Constitutional violations enumerated herein is paramount.

5.    The thrust of this petition revolves around two main themes, CONSTRUCTIVE ASSISTANCE OF COUNSEL and LACK OF SUBJECT MATTER JURISDICTION DUE TO A CONSTITUTIONAL INSUFFICIENT INDICTMENT.

6.    The above themes are extremely complex. A rearing must be held into the matters enumerated herein in order to properly ascertain, the deficient representation of petitioner is forever foreclosed from litigating in the future.

8.    On April 24, 1996, president William Clinton signed into law the Anti-Terrorism and Effective Death Penalty Act [AEDPA]. This law essentially created a ONE SHOT AT THE BULLSEYE rule as to post conviction, habeas corpus review.

9.    The Constitutionality of the AEDPA FROM A PROCEDURAL DUE PROCESS STANDPOINT IS ARGUED HEREIN as an adjunct to the main themes regarding the other Constitutional injuries inflicted upon this petitioner.

10.  If the court refuses to hold a rearing into the matters alleged herein, then the procedural due process rights of this petitioner will be violated. The new construction of AEDPA as it relates to 2255's are essentially a stranglehold on Federal Inmates. Especially when viewed from the paradigm that most 2255's are crafted by untrained inmates, and sub-category to the issue, and perhaps even more exigent is the fact that in today's world, the greater of English, let alone grasp of legal language. Thus

2

CMsPDF - www.lexis.com

hearings are no longer an exception of the rule, they have assumed the status of being the rule. An important rule. A procedurally paramount rule.

STATEMENT OF THE CASE AND FACTS

Charges and Convictions:

11. Petitioner is the subject of a single-count indictment filed by a Federal Grand Jury in Brownsville, Texas on January 4, 2000. He is the sole defendant named in the indictment and is charged as follows:

12. COUNT 1: Alien unlawfully found in the United States after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b).

13. On January 13, 2000, the petitioner appeared before U.S. Magistrate Judge John Wm. Black and entered a guilty plea to the single-count indictment. An oral plea agreement was entered in which the government agrees to recommend a sentence at the low end of the applicable sentencing guideline range and that the defendant receive full credit for acceptance of responsibility. After accepting the defendant's guilty plea, the Court ordered a presentencing investigation report and set sentencing for April 14, 2000.

14. On April 14, 2000, the petitioner was sentenced to 70 months for the alleged Count of re-entry to be served consecutively with 8 months for violating his supervised release conditions under Case No. 7:96CR00004-001.

The Offense Conduct:

15. On December 5, 1999, the petitioner was arrested by the Texas Department of Public Safety for evading arrest and was

3

CitiPDF - www.fastio.com

transported to the Brownsville, Texas City Jail. During processing, the petitioner stated he was a citizen of Mexico; therefore, the U.S. Border Patrol Office was contacted to further investigate the petitioner's immigration status. Following an interview conducted by Border Patrol agents and a subsequent record check, it was determined that the defendant was in fact an alien from Mexico, illegally in the United States. Based on this information, the pending state charges were dropped and the petitioner was turned over to the custody of the U.S. Border Patrol.

16. Record checks reveled the petitioner had previously been deported from the United States to Mexico on August 20, 1998. This deportation was subsequent to the petitioner's federal conviction in the Eastern District of Kentucky, under criminal Dkt. No. 7:96CR0004-001, for the offense of conspiracy to possess marijuana, an aggravated felony as defined at 8 U.S.C. §1101(a)(43)(B). The petitioner was never informed that he must receive permission from the Attorney General in order to enter the United States.

### GROUND NUMBER ONE (1)

PETITIONER WAS CONSTRUCTIVELY DENIED ASSISTANCE OF COUNSEL AT CRUCIAL STAGES OF THE PROCEEDINGS INCLUDING BUT NOT LIMITED TO, PRETRIAL; PLEA NEGOTIATIONS; SENTENCING; AND, APPEAL DUE TO COUNSELS FAILURE TO OBJECT TO THE FACT THAT A PRIOR FELONY CONVICTION IS AN ELEMENT OF THE OFFENSE UNDER 8 U.S.C. § 1326(b) AND IS NOT MERELY A SENTENCE ENHANCEMENT IN VIOLATION OF THE PETITIONER'S FIFTH AND SIXTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION

17. Petitioner contends that counsel was completely

ineffective by filing to object to the fact that a prior felony conviction is an element of the offense under U.S.C. § 1326(b) and is not merely a sentence enhancement. In this case, petitioner pleaded guilty to the offense of simple reentry, in violation of 8 U.S.C. § 1326(a). The indictment did not allege and the district court did not find petitioner guilty of reentry following deportation after a felony conviction, as the indictment did not include the element that he previously had been convicted of a felony. In light of the majority's an Justice Thomas's opinions in Apprendi, petitioner believes that his position is legally correct and that Almendarez-Torres, should be overruled. Petitioner acknowledges that this issue has been resolved against him the the United States Supreme Court in Almendarez-Torres, 523 U.S. 224 (1998). Nevertheless, petitioner raises the issue in an adversary fashion because Almendarez-Torres, was decided by a five-to-four majority and because recent opinions by a member of that majority and by the Supreme Court indicate that Almendarez-Torres, was incorrectly decide. See, Apprendi v. New Jersey, 120 S.Ct. 2348, 2362 & n.15 (2000); id.; at 2368-69 (Thomas, J.; concurring).

18. In keeping with the common low tradition, a court may correct an illegal sentence - that is, one imposed in excess of the applicable statutory maximum -- "at any time." Hill v. United States, 368 U.S. 424, 430 & n.8 (1962). Likewise because petitioner's indictment lacked an essential element of the offense upon which his sentence was based, such a claim may be raised "at any time" during the pendency of the proceedings; in the case.

5

United States v. Forbes, 16 F.3d 1294, 1297 (1st Cir.1994)(citing Fed.R.Crim.P. 12(b)(2)). Furthermore, such an objection clearly would have been utterly futile in view of the Supreme Court's decision in Almendarez-Torres, however, petitioner nevertheless contends that a prior felony conviction is an element of the offense of reentry following deportation after a felony conviction and not merely a sentence enhancement factor contained in 8 U.S.C. § 1326(b). The indictment, therefore, must include the element of a prior felony conviction, if not, it is deemed constitutionally insufficient.

19. Petitioner contends that counsel's performance was so deficient that amounted to denial of constructive assistance of counsel or no counsel at all. Counsel could have, but did not, challenge the defective indictment. United States v. Cabrera-Teran, 168 F.3d 141, 143 (5th Cir.1999) (citing United States v. Fitzgerald, 89 F.3d 218, 221 (5th Cir.), cert. denied, 519 U.S. 987 (1986)); United Stats v. Chaney, 964 F.2d 437, 466 (5th Cir.1992). "Because an indictment is jurisdictional,...[a] defect is 'not waived by a guilty plea'" and may be challenge at any time. See F.R.Crim.P 12(b)(2). Unless done knowingly and intelligently, a defendant cannot "waive" his right to an indictment by a grand jury. Accordingly, a grand jury's failure to return a proper indictment is a jurisdictional defect that is not waived, even by a guilty plea. See United States v. Bell, 22 F.3d 274, 275 (11th Cir.1994); United States v. Meacham, 626 F.2d 503, 509-10 (5th Cir.1980). "Waiver of an indictment is an act clothed in formality ...[T]he waiver must be made in open

6

court, defendant must be informed of the nature of the cause for the accusation, and the court must be satisfied that the defendants waive their rights knowingly, intelligently and voluntarily." United States v. Ferguson, 758 F.2d 843, 850-51 (2d Cir.1985). Moreover, such errors are per se reversible and must be notice on appeal, even if raised for the first time, and not subject to discretionary plain error review. Hoang Van Tran, Case No. 99-1278 (L) & 99-1389 (2d Cir.November 15, 2000), 2000 App. LEXIS 29039 ("[w]here the district court acted without subject-matter jurisdiction, the court does not have the discretion not to notice and correct the error; it must notice and correct the error" and "[i]t is therefore inappropriate to resort the discretionary plain error review in such case"). United States v. Prentiss, 206 F.3d 960, 975 (10th Cir.2000)(describing and indictment's failure to allege elements of the crime charged as a "fundamental jurisdictional defect that is not subject to harmless error analysis"); United States v. Rudisill, No. 99-4588 (4th Cir. May 15, 2000)(umpublished), 2000 U.S. App. LEXIS 10380 (vacating a sentence where the indictment had not referenced the statutory section); United States v. Spinner, 180 F.3d 514 (3d Cir.1999)(remanding for re-indictment where the original indictment failed to allege the interstate commerce component). For similar reasons, any deviation by a petit jury from the elements charged by the grand jury is jurisdictional and per se reversible error. See Stirone v. United States, 361 U.S. 212 (1960); Ex Parte Bain, 121 U.S. 1 (1887).

20. The Sixth Amendment to the United States Constitution

7

provides in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation ..." U.S. Cont. amend. VI. The Fifth Amendment to the United States Constitution provides, in pertinent part: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury..." U.S. Const.amend. V: see also Fed.R.Crim.P. 7(a)("An offense which may be punished by imprisonment for a term exceeding one year ... shall be prosecuted by indictment").

21. Petitioner submits that a prior felony is an element under 8 U.S.C. § 1326(b). An indictment must contain the elements of the offense and fairly inform a defendant of the charge against which he must defend. Hamling v. United States, 418 U.S. 87, 117 (1974). Rule 7 of the Federal Rules of Criminal Procedure echoes this condition in its requirement that the indictment be a "plain, concise and definite written statement with the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). The Supreme Court has recognized the indictment's role in warning a defendant of facts that may enhance his punishment upon conviction. See, e.g., Jones v. United States, 526 U.S. 227 (1999).

22. Prior to 1998, the United States Court of Appeals for the Ninth Circuit described the offense of illegally reentering or being found in the United States by a once deported alien, 8 U.S.C. § 1326(a), as "simple reentry after deportation" with a maximum penalty of two years in custody. United States v. Arias-Granados, 941 F.2d 966, 997 (9th Cir.1991); see also United States

8

v. Gonzalez-Medina, 976 F.2d 570, 572073 (9th Cir.1992); United States v. Campos-Martinez, 976 F.2d 589, 590-92 (9th Cir.1992); The Fifth Circuit and other stubborn courts have disagreed with the Ninth Circuit and held that 1326(b) merely was a sentence-enhancement provision that did not create a separate criminal offense and that a defendant could be charged by indictment only with the elements of § 1326(a) . United States v. Vasquez-Olvera, 999 F.2d 943, 944-47 (5th Cir.1993), cert.denied, 510 U.S. 1076 (1994); see also United States v. Smith, 36 F.3d 128, 132 (1st Cir.) Cert.denied, 513 U.S. 1008 (1994); United States v. Forbes, 16 F.3d 1294, 1297-1300 (1st Cir.1994); United States v. Cole, 32 F.3d 16, 19 (2d Cir.), cert.denied, 513 U.S. 993 (1994); United States v. Deleon-Rodriguez, 70 F.3d 764, 767 (3d Cir.1995), cert.denied, 517 U.S. 1115 (1996); United States v. Crawford, 18 F.3d 1173, 1178 (4th Cir.), cert.denied, 513 U.S. 860 (1994); United States v. Munoz-Cerna, 47 F.3d 207, 210 n.6 (7th Cir.1995); United States v. Haggerty, 85 F.3d 403, 405 (8th Cir.1996); United States v. Valdez, 103 F.3d 95, 97-98 (10th Cir.1996); United States v. Palacious-Casquete, 55 F.3d 557, 560 (11th Cir.1995), cert.denied, 516 U.S. 1120 (1996).

23.   In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court held, in a five-to four decision, that an indictment in an illegal reentry case need not allege a defendant's prior "aggravated felony" conviction in order for a district court to sentence the defendant to an "enhanced" sentence under 8 U.S.C. § 1326(b) based on the defendant's prior conviction. Almendarez-Torres, 523 U.S. at 247. The majority

held that § 1326(b)(2) merely created a "sentencing factor" that need not be plead in the indictment in order to result in an enhanced sentence based on a defendant's prior "aggravated felony" conviction. Id. at 243.

24.  Justice Scalia, joined by Justices Stevens,1 Souter, and Ginsburg, dissented form the Court's holding in Almendarez-Torres. Id. at 270-71.  As a result, the dissenters contended, the fact of a defendant's prior conviction had to pleaded in the indictment in order for a district court to impose an "enhanced" sentence above the two-year maximum provided for 8 U.S.C. § 1326(a). Id.

25.  On June 26, 2000, the Supreme Court issued it decision in Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), which addressed the constitutionality of an enhanced prison sentence under New Jersey's "hate crime" sentencing enhancement statute when a jury had not found the operative "sentencing fact" beyond a reasonable doubt and, instead, the trial court simply found the operative fact by a preponderance of the evidence at the sentencing hearing. The Supreme Court held that Apprendi's enhanced sentence was unconstitutional.  Id. at 2366-67.

26.  In the course of the Court's reasoning in Apprendi, the Court stated that "it is arguable that Almendarez-Torres, was incorrectly decide." Apprendi, 120 S.Ct. at 2362.  Footnote 15 of the Court's decision then noted that "[i]n addition to the reasons set forth in Justice Scalia's dissent [in Almendarez-Torres], 523 U.S. at 248-60, it is noteworthy that the Court's extensive discussion on the term 'sentencing factor'

virtually ignored the pedigree of the pleading requirement at issue. Apprendi, 120 S.Ct. at 2362 n. 15 (citing United States v. Reese, 92 U.S. 214, 232-33 (1876)).

27.  Justice Thomas, who had been in the five-Justice majority in Almendarez-Torres, wrote a concurring opinion in Apprendi. Apprendi, 120 S.Ct. at 67-80 (Thomas, J., concurring). In his concurring opinion, he stated that he had erred in joining the majority opinion in Almendarez-Torres. Apprendi, 120 S.Ct. at 2379 (Thomas, J. Concurring).

28.  In light of the majority opinion and Justice Thoma's concurring opinion in Apprendi, the Supreme Court should and may well Almendarez-Torres, Stare decisis should not bar to the Supreme Court's decision to overrule Almendarez-Torres. That prudential doctrine "is not an inexorable command," particularly when a prior decision of the Supreme Court was "badly reasoned." Payne v. Tennessee, 501 U.S. 808, 827-28 (1991). As discussed by both the majority opinion and Justice Thoma's concurring opinion in Apprendi, Almendarez-Torres, was badly reasoned an incorrectly decided. If the Court were to do so, it would require petitioner's sentence to be vacated and his case remanded for resentencing under 8 U.S.C. § 1326(a), which provides for a two-year statutory maximum sentence. As discussed hereinabove, the indictment in his case did not allege the fact of his prior "aggravated felony" conviction. Furthermore, although the indictment cited 8 U.S.C. § 1326(a) and (b)(2), such a "bare" statutory reference in the indictment is insufficient to plead a violation of 8 U.S.C. § 1326(b)(2). See e.g. United States v. Cabrera-Teran, 168 F.3d

11

141, 145-46 (5th Cir.1999); <u>United States v. Forbes</u>, 16 F.3d 1294, 1297 (st Cir.1994); <u>United States v. Zangger</u>, 848 F.2d 923, 925 (9th Cir.1988). Thus, the district court's sentence of seventy (70) months -- which is well over the twenty-four (24) month maximum sentence provided for in * U.S.C. § 1326(a) -- is illegal in light of the dissenting opinion in <u>Almendarez-Torres</u>, and the majority and Justice Thomas's concurring opinion in <u>Apprendi</u>.

29. Petitioner was charged with and found guilty of nothing more than the elements of "simple reentry," 8 U.S.C. § 1326(a), but was sentenced as is if he had been convicted of all the elements of reentry after deportation following an aggravated felony under 8 U.S.C. § 1326(b)(2). A sentence in excess of that authorized by law is "grave error." <u>United States v. Hartford</u>, 489 F.2d 652, 654 (5th Cir.1974) (vacating indeterminate sentence up to four years under former Federal Youth Corrections Act imposed solely to circumvent one-year misdemeanor penalty offense). Since the maximum authorized sentence for "simple reentry" is two years, the seventy month sentence is illegal and must be vacated.

## ARGUMENT NUMBER TWO (2)

PETITIONER WAS CONSTRUCTIVELY DENIED ASSISTANCE OF COUNSEL AT CRUCIAL STAGES OF THE PROCEEDINGS INCLUDING BUT NOT LIMITED TO, PRETRIAL; PLEA NEGOTIATIONS; SENTENCING; AND, APPEAL IN VIOLATION OF PETITIONER'S FIFTH AND SIXTH AMENDMENT RIGHTS TO THE UNTIED STATES CONSTITUTION

30. Petitioner contends that the indictment fails to charge an offense. The Sixth Amendment to the United States Constitution provides, in pertinent part: "In all criminal prosecutions, the

accused shall enjoy the right ... to be informed of the nature and cause of accusation ..." U.S. Const.amend. VI. The Fifth Amendment to the United States Constitution provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a Grand Jury." U.S. Const.amend. V. Requiring that the indictment allege, at a minimum, the essential elements of the offense also guarantees the defendant the basic protection of the intervention of the grand jury and concomitantly prevents a conviction "on the basic of facts not found by, and perhaps not even presented to, the grand jury which indicted him." Russell v. United States, 369 U.S. 749, 770 (1962); see also United States v. Cruikshank, 92 U.S. 542, 558 (1875) (requiring that "facts are to be stated, not conclusions of law alone"); United States v. Cabera-Teran, 168 F.3d 141, 143 (5th Cir.1999) (requiring the indictment to allege each material element of the offense "ensure[s] that the grand jury finds probable cause that the defendant has committed each element of the offense, hence justifying a trial, as required by the Fifth Amendment").

31. Counsel could have, but did not, object at pretrial; plea negotiations; sentencing; or even attempted to appeal the defective indictment which prejudiced the outcome.

32. Counsel knew or should have known that, Supreme Court has reiterated in numerous cases, that an indictment must contain the elements of the offense charged and fairly inform a defendant of the charge against which he must defends. See Hamling v. United States, 418 U.S. 87, 117 (1974); Russell, 369 U.S. at 763-64;

13

See also Fed.R.Crim.P. 7(c)(1) (requiring the indictment to be a "plain, concise and definite written statement with the essential facts constituting the offense charged"). "A crime is made up of acts and intent; and these must set forth in the indictment, with reasonable particularity of time, place, and circumstances."

33. Counsel failed to object to the indictment's failure to give the petitioner adequate notice of the charges, thus implicating the Due Process and Double Jeopardy Clauses of the Fifth Amendment as well. Russell v. United States, 369 U.S. 749, 763-64 (1962). The Fifth Circuit has made clear, moreover, that "[a] statutory citation may not stand in the place of the inclusion of an element of the crime." United States v. Cabera-Teran, 168 F.3d 141, 145 (5th Cir.1999); See also Russell, 369 U.S. at 764; United States v. Campos-Asencio, 822 F.2d 506, 507 (5th Cir.1987). Cruik, 92 U.S. at 558 supra; see e.g., United States v. Angeles-Mascote, 206 F.3d 529, 532 (5th Cir.2000) ("defects in an 8 U.S.C. § 1326 indictment are not harmless when an essential element of the offense is not specified in the Indictment").

The statute at issue in this case provides as follows:

Subject to subsection (b) of this section, any alien who—

> (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion deportation, or removal is outstanding, and thereafter

> (2) enters, attempt to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States of his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required

14

> to obtain such advance consent under this or any
> prior Act,

shall be fined under Title 18, or imprisoned not more than 2 years, or both.  8 U.S.C. § 1326(a).

34.  The indictment in this case charges that petitioner was "unlawfully found in the United States in Brownsville, Texas, after deportation, in violation of 8 U.S.C. §§ 1326 (a) and 1326(b)(2)."  The indictment in this case fails to charge an offense and should have been dismissed because it fails to allege that petitioner had any general intent whatsoever.  While the statute does not itself contain a mental element, this omission is not dispositive.  The requirement of some mens rea for a crime is "firmly embedded" in our common law.  Staples v. United States, 511 U.S. 600, 604 (1994); Liporota v. United States, 471 U.S. 419, 426 (1985).  As the Supreme Court has repeatedly stated:

> The contention that an injury can amount to a
> crime only when inflicted by intention is no
> provincial or transient notion.  It is as universal
> and persistent in mature systems of law as belief
> in freedom of the human will and a consequent
> ability and duty of the normal individual to choose
> between good and evil.

Morissette v. United States, 342 U.S. 246, 250 (1952); accord Staples, 511 U.S. at 605.  Some mens rea is required for any felony conviction.  United States v. Anderson, 885 F.2d 1248, 1255 (5th Cir.1989)(enbanc)(citing Morissette, 342 U.S. at 250).  "Offenses that have no mens rea generally disfavored."  Staples, 511 U.S. at 604 (citing Liparota, 471 U.S. at 426).

35.  Strict liability offenses are the exception rather than the rule and are generally limited to offense likely to cause public harm.  Staples, 511 U.S. at 603-12 (holding that firearms

Congress's hesitancy to criminalize reentry when the alien did not "know or realize" that he had been deported); <u>United States v. Pena-Cabanillas</u>, 394 F.2d 785, 788-90 & n.2 (9th Cir.1968)(noting that "[e]ven in a crime requiring no specific intent, a defendant may defend upon the ground that he did no voluntary act; that he was asleep or unconscious at the time an act occurred'). In fact, a recent decision of this Court recognizes that § 1326 has a general intent element that must be considered by the jury. See <u>United States v. Tovias-Marroquin</u>, 218 F.3d 455, 457-58 (5th Cir.2000) (holding that the jury was adequately informed of the mens rea element of "knowingly").

37. In the present case, however, the indictment fails to allege that petitioner committed any act voluntarily, knowingly, willfully, or intentionally. In other works, the indictment is fundamentally defective because it fails to allege general intent as an element of the § 1326 offense. In light of the foregoing precedent and the fact that § 1326 carries a maximum sentence of twenty years in prison, the Fifth and Sixth Amendments at least require the government to allege and prove that petitioner acted voluntarily, knowing, willfully, or intentionally in violating § 1326. See <u>Staples</u>, 511 U.S. at 615-19. In light of the foregoing, petitioner propounds that this court should reverse his conviction and dismiss the defective indictment.

## GROUND NUMBER THREE (3)

PETITIONER WAS DENIED EFFECTIVE ASSISTANCE
OF COUNSEL DUE TO COUNSEL'S FAILURE TO
ARGUE THAT PETITIONER'S INELIGIBILITY
FOR MINIMUM SECURITY CONFINEMENT, DRUG
PROGRAM, AND PRERELEASE CUSTODY AS A RESULT
OF HIS STATUS AS A ALIEN DEPORTABLE.

38.   Petitioner contends that counsel could have, but did not, argue after the plea was entered but before the PSR and PSI were prepared, that petitioner should have been granted a downward departure in light the petitioner's ineligibility for minimum security confinement, drug program, and prerelease custody as a result of his status as a deportable alien constituted significant mitigating factors that should have been considered by the sentencing court, in violation of the petitioner's sixth amendment right to effective assistance of counsel.

39.   Petitioner asserts that disparate sentence that result between alien and American inmates as a consequence of immigration detainers lodged automatically in an alien's Bureau of Prisons (BOP) file constitute a violation equal protection under the law.

40.   Pursuant to United States v. Gaither, 1 F.3d 1040 (10th Cir.1993), trial courts may properly depart downward form sentencing guidelines if Sentencing Commission did not account for mitigating factors in United States v. Smith, 27 F.3d 649 (D.C. 1994) (the defendant's ineligibility for pre-release custody and minimum security confinement as a result of his status as a deportable alien constituted a mitigation factor to be considered by the trial court).  See also United States v. White, 71 F.3d 920, 922 (1995) (trial court granted defendant six month downward

18

CVisPDF - www.fineina.com

provides that such departures will be highly infrequent. Also Smith, 27 F.3d at 655.

45. The Bureau of Prisons policy on the matter allows assignment to a minimum security prison or community correction center for deportable aliens who have a history of strong family or community ties, of domicile in the U.S. of five years or more, and stable employment. Program Statement 5100.04: Security Designation and Custody Classification Manual, Ch. 2-9.Id, at 655. The Bureau of Prison applies the same criteria to its determination as to whether an alien is eligible for minimum security facility. Id. at 654.

46. The 9th Circuit has held that the fact of deportability, without more, is insufficient to warrant a downward departure under U.S.S.G. § 5K2.0. United States v. Cubillos, 91 F.3d 1342 (9th Cir.1996). It further held "[t]he district courts must make a refined assessment of the many facts bearing on the outcome." Id. @ 1345. Defendant takes the position that the circumstances described in the next section warranted that counsel argue for, and the Court consider at sentencing, the effects of his mandatory INS detainer on Defendant's incarceration.

47. Claims of ineffectivity of counsel must state that counsel's errors or omissions constituted a failure to exercise the skill and judgment of a reasonably competent attorney, and that counsel's deficient performance prejudiced Defendant. Strickland v. Washington, 466 U.S. 668, 686 (1984).

48. In the instant case, counsel was aware that petitioner was an alien. Petitioner speaks English only with difficulty.

49.   Further, as stated above, the PSI makes it clear that petitioner is subject to deportation. Counsel received the PSI at least 10 days prior to the day of sentencing. Counsel also notified petitioner that he could be deported as a result of his conviction. Despite these flags counsel inexplicably fails to raise deportability as a mitigating factor at sentencing or to advised petitioner of this form relief.

50.   This is even more perplexing in light of the Attorney General's Sentencing Memorandum to all U.S. Attorneys dated April 28, 1995, authorizing prosecutors to agree to recommend a one or two level downward departure from the applicable guideline sentencing range in return for an alien's concession of deportability and agreement to accept a final order of deportability. Although the U.S. Attorney's Office for this district has chosen not to exercise such discretion, though this memorandum the Attorney General concedes that "such downward departure is justified on the basis that it is conduct not contemplated by the guidelines. See U.S.S.G. § 5K2.0" App. A at page 2. Counsel failed to raise this matter with the U.S. Attorney's Office during plea negotiations, thus inexplicably and gratuitously forfeiting this bargaining chip to petitioner's detriment.

51.   This would not be so bad were it not for petitioner's further ineligibility for BOP early release programs. Petitioner is now rendered ineligible to participate in the Drug Rehabilitation Program as well. 18 U.S.C. § 3621. Successful candidates typically obtain up to 1 year reduction in sentence

22

upon completion of the course.

52.    Petitioner's disqualification for community supervised "aftercare" as a result of his immigration detainer renders him ineligible for this program.  18 U.S.C. § 3621(e).

53.    Petitioner is further barred from qualifying for early release pursuant to 18 U.S.C. § 3624(c), a program which enables the prisoner to be phased into the community up to six months prior to his release date.

54.    As an example of how these benefits create sentencing disparities, petitioner illustrates the following case: an American sentenced to 60 months for a drug offense is eligible for a maximum reduction in his sentence of 1 year drug program and 6 months halfway house.  Without considering Good Conduct Time credits, which is common to all inmates, the American is out on the streets a year and a half earlier than his alien counterpart.  This disparate treatment is undeserved, and constitutes a violation of equal protection of the laws.  Const.Amend.14.

## PRAYER FOR RELIEF

WHEREFORE, in light of the foregoing arguments supra, petitioner prays the following, viz:

(1) Vacate his sentence an resentence him to the statutory maximum for reentry which is a term of imprisonment of two (2) years; (2) Vacate his conviction and dismiss the defective indictment; (3) Vacate his sentence and grant him a 2 point downward departure from his sentence due to his status as a deportable alien. Any further and other such relief this Court seems just and proper.

JUAN ANTONIO PADILLA-PACINA                    3-4-01
REG. NO. 05602-032  U-B
FCC BEAUMONT-LOW
P.O. BOX 26020
BEAUMONT, TEXAS 77720-6020

## CERTIFICATE OF SERVICE

I Juan Antonio Padilla-Pacina, do hereby certify, under penalty of perjury of the laws of Texas, wherein affiant is domiciled, that I have served the original and two copies of the foregoing memorandum of points and authorities in support of petitioner's application for Post conviction relief pursuant to title 28 of the United States Code § 2255 to the clerk, U.S. District Court, Southern District of Texas, Brownsville, Division, 234 Federal Building, 500, E. Tenth Street, Brownsville, Texas 78520 after having first affixed sufficient first class postage pre-paid and having placed same undercover in the internal Institutional mail box at FCC Beaumont-Low,l on the date appearing infra.

Executed this _4_ day of _March_, 2001 Anno Domini.

JUAN ANTONIO PADILLA-PACINA
REG. NO. 05602-032   U-B
FCC BEAUMONT-LOW
P.O. BOX 26020
BEAUMONT, TEXAS 77720-6020

25