*6*

U.S. DISTRICT COURT
SOUTHERN DISTRICT TEXAS
FILED

01 JUL 26 AM 11:08

MICHAEL N. MILBY, CLERK

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUAN ANTONIO PADILLA-PACINA, § <br> Petitioner, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> Respondent. § | Civil No. B-01-042 <br> (Criminal No. B-00-010) |

### RESPONSE AND MOTION TO DISMISS PADILLA-PACINA'S MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255

The United States of America ("the government"), by the United States Attorney for the Southern District of Texas, files this Response and Motion to Dismiss Padilla-Pacina's Motion for Relief Pursuant to 28 U.S.C. § 2255. In support thereof, the government would show the court the following:

I.

JURISDICTION

On January 4, 2000, a grand jury for the United States District Court for the Southern District of Texas, Brownsville Division, returned an indictment, Criminal Case No. B-00-010, charging Juan Antonio Padilla-Pacina with one count of being an alien unlawfully found in the United States after deportation (i.e. illegal reentry), in violation of 8 U.S.C. § 1326(a) and § 1326(b) (Doc. 1). On April 14, 2000, Padilla-Pacina entered a plea of guilty to count 1 of the indictment pursuant to an oral plea agreement (Doc. 2, 3, 4 and 10).

Padilla-Pacina's sentence was imposed on April 14, 2000: the district court ordered him to serve a 70-month term of confinement that was to be followed by a three-year term of supervised release (Doc. 11). Padilla-Pacina was not ordered to pay a fine; however, the

mandatory special assessment of $100 was imposed (Doc. 11).

Padilla-Pacina filed a statement of no appeal on April 14, 2000 (Doc. 12). The judgment of conviction was entered on May 12, 2000 (Doc. 13). Furthermore, pursuant to his own statement, or waiver, of appeal Padilla-Pacina did not file a notice of appeal. Consequently, Padilla-Pacina's judgment of conviction and sentence became final on May 22, 2000, 10 days after the amended judgment was entered. *See* FEDERAL RULES OF APPELLATE PROCEDURE Rule 4(b)(1)(A) (West 2001).

Padilla-Pacina timely invoked this court's jurisdiction under 28 U.S.C. § 2255 on March 12, 2001.

II.

STATEMENT OF THE FACTS

Padilla-Pacina was arrested by the Texas Department of Public Safety on December 5, 1999, for evading arrest (PSR ¶ 4). He was transported to the Brownsville, Texas City Jail (PSR ¶ 4). While being processed, Padilla-Pacina proclaimed to be a citizen of Mexico; therefore, the United States Border Patrol was contacted to further investigate his immigration status (PSR ¶ 4). Following a records check and an interview by the Border Patrol it was determined that Padilla-Pacina was in fact an alien from Mexico (PSR ¶ 4). The pending state charges were subsequently dropped and Padilla-Pacina was transferred to federal custody (PSR ¶ 4).

Subsequent record checks revealed that Padilla-Pacina had been previously deported from the United States to Mexico on August 20, 1998 (PSR ¶ 5). This deportation was due to his federal conviction in the Eastern District of Kentucky, under Criminal Docket Number 7:96CR00004-001 (PSR ¶ 5). This conviction was for an aggravated felony offense under 8 U.S.C. § 1101(a)(43), to wit, conspiracy to possess marijuana with intent to distribute, in

2

violation of 21 U.S.C. § 846 (PSR ¶ 5).

After having been deported from the United States following a conviction for an aggravated felony, Padilla-Pacina was found within the borders of the United States. Padilla-Pacina did not receive permission from the Attorney General of the United States for lawful reentry (PSR ¶ 5).

### III.

### GROUNDS FOR RELIEF

In his motion for relief pursuant to 28 U.S.C. § 2255, Padilla-Pacina raises the following issues:

(1) Whether Padilla-Pacina was denied effective assistance of counsel because counsel failed to object to the fact that the indictment did not list 8 U.S.C. § 1326(b)(2) as a separate element of the offense;

(2) Whether Padilla-Pacina was denied effective assistance of counsel because counsel failed to object to the fact that the indictment did not contain an element of mens rea;

(3) Whether Padilla-Pacina was denied effective assistance of counsel because counsel failed to argue certain mitigating facts at sentencing for a downward departure; and

(4) Whether Padilla-Pacina was denied effective assistance of counsel because counsel failed to file a notice of appeal.

### IV.

### RESPONSE AND MOTION TO DISMISS

*A. Padilla-Pacina received effective assistance of counsel.*

Padilla-Pacina's claim that he was denied effective assistance of counsel should be dismissed because he has failed to demonstrate that his counsel's performance was deficient and that said performance prejudiced him by rendering his conviction and sentence unfair and

3

unreliable. To be entitled to relief under a claim of ineffective assistance of counsel, Padilla-Pacina must show that his attorney's performance was deficient and that this deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail under the "performance" prong, Padilla-Pacina must prove that his attorney's performance fell below an objective standard of reasonableness. *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997), *cert. denied*, 522 U.S. 944 (1997) (citing *Strickland v. Washington*, 466 U.S. 668, 688-90 (1984)). However, "[j]udicial scrutiny of counsel's performance is highly deferential to counsel whose performance is strongly presumed to 'fall[ ] within the wide range of reasonable professional assistance.'" *Id. See also United States v. Drones*, 218 F.3d 496, 500 (5th Cir. 2000) *cert. denied*, _ U.S. _, 121 S. Ct. 1095 (2001). To prevail under the second prong, Padilla-Pacina must show that the deficient performance given by counsel "rendered [the result of the proceeding] 'fundamentally unfair or unreliable.'" *Ransom*, 126 F.3d at 721 (citing *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)). To meet this burden, Padilla-Pacina must show that the result of the proceeding must have been unfair in that an innocent man has been convicted. Furthermore, if prejudice is not affirmatively proven by the petitioner, then the court need not reach the issue of deficient performance. *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993).

Initially, Padilla-Pacina has not affirmatively plead that he was prejudiced (that he was wrongly convicted). Padilla-Pacina does not claim to be innocent of this crime; he asserts that the indictment is defective for failing to list § 1326(b)(2) as a separate element, that the indictment fails to allege any element of mens rea, and that he should have received a downward departure. In essence, Padilla-Pacina complaint is grounded on the proposition that counsel should have moved to dismiss the indictment before advising him to plead guilty. Padilla-Pacina's claims of ineffective assistance should be denied and his petition dismissed because his

counsel's performance was not deficient. Further, given the compelling evidence of his guilt, it is highly unlikely that Padilla-Pacina ever contemplated going to trial.

### *1. The indictment need not allege § 1326(b)(2) as an element of the offense.*

In his first point of error Padilla-Pacina claims he was denied effective assistance of counsel because his trial attorney failed to object to the indictment. He claims that the indictment was deficient because it did not include an allegation that § 1326(b)(2) was a separate element of the offense of illegal reentry; therefore, his lawyer should have objected to it. Such an objection would have proved futile. The rule, as mandated by the Supreme Court and reiterated by the Fifth Circuit, is that § 1326(b)(2) is not a separate element of the offense of illegal reentry, but merely a statutory enhancement, and need not be alleged in the indictment. *See Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998); *Apprendi v. New Jersey*, 530 U.S. 466, 489-90 (2000); *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000).

Padilla-Pacina maintains that this court should overrule all of those cases because those courts, including the Fifth Circuit, that hold § 1326(b)(2) is an enhancement provision are "stubborn." For Padilla-Pacina's complaint to have merit the Supreme Court must overrule *Almendarez-Torres* in view of its decision in *Apprendi*. Only the Supreme Court can overrule one of its decisions. *See Agostini v. Felton,* 521 U.S. 203, 237 (1997) (stating "[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions [or even circuits], the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."). *See also Dabeit*, 231 F.3d at 984(holding on precisely this same issue that "[t]his court has a duty to follow precedent, especially Supreme Court precedent."). *Almendarez-Torres* controls the disposition of Padilla-Pacina's first claim. It is unnecessary to allege the fact of a prior

aggravated felony in the indictment in order for a defendant to be sentenced pursuant to § 1326(b)(2). Since *Almendarez-Torres* controls the disposition of Padilla-Pacina's claim, relief must be summarily denied.

Padilla-Pacina cites the case of *United States v. Cabrera-Teran*, 168 F.3d 141 (5th Cir. 1999), to support the proposition that counsel should have objected to an insufficient indictment. However, in that case the element of "arrest" was not alleged in the indictment, thereby making it insufficient. The indictment in this case charged Padilla-Pacina with the offense of illegal reentry in violation of 8 U.S.C. § 1326(a). Subsection (a) defines the crime. At sentencing, the court used Padilla-Pacina's prior aggravated felony conviction - conspiracy to possess, with intent to distribute marijuana - as a sentencing factor in choosing to increase his sentence. Subsection (b)(2) is merely a penalty provision, a sentencing enhancement provision. It was Padilla-Pacina's recidivism that undoubtedly the court took into consideration when increasing his sentence (PSR ¶¶ 21-25). *See Almendarez-Torres v. United States*, 523 U.S. 224, 243 (1998). Padilla-Pacina had a Criminal History Category of V (PSR ¶ 29). In this case, the indictment alleged the elements of an illegal reentry for § 1326(a), which is the offense to which Padilla-Pacina plead guilty. And since the indictment need not allege § 1326(b)(2) as an element of the offense of illegal reentry, the indictment is sufficient. *See United States v. Perez-Torres*, 15 F.3d 403, 405 n. 3 (5th Cir. 1994); *United States v. Saenz-Forero*, 27 F.3d 1016, 1018 n. 2 (5th Cir. 1994); *United States v. Vasquez-Olvera*, 999 F.2d 943, 944-45 (5th Cir. 1993) *cert. denied* 510 U.S. 1076 (1994); *United States v. Almendarez-Torres*, 113 F.3d 515, 515 (5th Cir. 1996).

Since this area of the law is well-established, counsel's failure to move for a dismissal of the indictment cannot be deemed unreasonable. The indictment was sufficient, consequently, Padilla-Pacina cannot demonstrate that his counsel's performance was deficient or that the result

6

of any proceeding was fundamentally unfair. This claim should be denied.[1]

### 2. *An indictment under § 1326(a) need not allege an element of mens rea.*

In his second point of error, Padilla-Pacina alleges that he was denied effective assistance of counsel due to the fact that his attorney failed to object to an indictment that did not contain an element of mens rea. Padilla-Pacina claims that the indictment was insufficient and should have been dismissed because it fails to allege any intent. This claim should be denied because an indictment charging a defendant with illegal reentry in violation of 8 U.S.C. § 1326(a) is sufficient when it alleges the defendant was *found in* the United States after having been properly *deported*. *See United States v. Berrios-Centeno*, 250 F.3d 294 (5th Cir. 2000). *Berrios-Centeno* controls the disposition of Padilla-Pacina's second claim. In that case the defendant complained the his indictment failed to allege any element of intent for illegal reentry. *Id.* The court stated that § 1326 was a general intent offense. *Id.* at 298. Furthermore, this general intent "'may be inferred by the fact that a defendant was previously *deported*...and subsequently *found in* the United States,' without consent." *Id.* at 299 (citing *United States v. Hernandez-Landaverde*, 65 F. Supp.2d 567, 572 (S.D. Tex. 1999)) [emphasis in original].

Padilla-Pacina makes the same argument found wanting in *Berrios-Centeno*. He claims that his indictment failed to allege any element of intent. However, Padilla-Pacina himself states that his indictment charged him with being "unlawfully found in the United States in Brownsville, Texas, after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2)." *See* Padilla-Pacina's Motion for Relief Pursuant to 28 U.S.C. § 2255, ¶ 34. Padilla-Pacina contends that his indictment thus failed to charge an offense and should have been dismissed. However,

---

[1] Padilla-Pacina also contradictorily alleges that his indictment had a "bare" reference to § 1326(b). *See* Padilla-Pacina's Motion for Relief Pursuant to 28 U.S.C. § 2255, ¶ 28. However, this argument likewise has no merit because § 1326(b)(2) need not even be plead in the indictment.

in light of *Berrios-Centeno* this contention is wholly without merit. Padilla-Pacina's indictment properly and sufficiently alleged that Padilla-Pacina was *found in* the United States after having been *deported*. Therefore, the indictment in this case was sufficient.

Since this area of the law is settled, counsel's performance cannot be deemed unreasonable in not objecting to an indictment that the Fifth Circuit has held to be sufficient. Since the indictment was sufficient, Padilla-Pacina cannot demonstrate that his counsel's performance was deficient or that the result of any proceeding was fundamentally unfair. This claim should likewise be denied.

### 3. *A downward departure was not warranted and Padilla-Pacina was not denied Equal Protection.*

In his third point of error Padilla-Pacina complains that he was denied the effective assistance of counsel because counsel did not argue for a downward departure from the Sentencing Guidelines. He claims that this argument should have been made based upon his status as a deportable alien. Padilla-Pacina's assertions are without merit.

Padilla-Pacina cites cases from other circuits in support of the contention that a downward departure would be warranted based upon his deportable status. *See* Padilla-Pacina's Motion for Relief Pursuant to 28 U.S.C. § 2255, and Supporting Memorandum ¶ 18. However, these cases are distinguishable because they involve aliens convicted of crimes other than immigration offenses. *See United States v. Garay,* 235 F.3d 230 (5th Cir. 2000) (distinguishing cases warranting downward departure from sentencing guidelines based upon defendant's deportable status for drug offenses versus no departure for immigration offenses). Padilla-Pacina also relies *United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994) and *United States v. White,* 71 F.3d 920 (D.C. Cir. 1995) to argue a court's willingness to downwardly depart from

sentencing guidelines based upon defendant's deportable status. *See* Padilla-Pacina's Motion for Relief Pursuant to 28 U.S.C. § 2255, and Supporting Memorandum ¶ 18. Padilla-Pacina reliance on these case is misplaced: they are not controlling in the Fifth Circuit nor do they arise from violations of the immigration laws.

In *United States v. Garay*, the court found that petitioner's status as a deportable alien did not warrant a downward departure from the sentencing guidelines. 235 F.3d 230, 233 (5th Cir. 2000). In *Garay*, the defendant was convicted of being an alien unlawfully found in the United States in violation of 8 U.S.C. § 1326. *Id.* at 231. The court explained that petitioner's status as a deportable alien was an inherent element of the crime and had already been considered by the Commission in formulating the applicable guidelines. *Id.* Padilla-Pacina was convicted of violating 8 U.S.C. §§ 1326(a) and 1326(b)(2) and sentenced to 70 months in prison. Counsel's performance cannot be deemed unreasonable or deficient because the sentence was within the Sentencing Guidelines and could not be reduced based upon Padilla-Pacina's status as a deportable alien.

Padilla-Pacina further argues that his right to equal protection under the Fourteenth Amendment was violated because of the disparity of sentences between an American convicted of a drug offense and an alien convicted of a drug offense. Padilla-Pacina was convicted of being found unlawfully in the United States, not of a drug offense. The Sentencing Guidelines for 8 U.S.C. §§ 1326(a) and 1326(b)(2) treat all persons convicted of this offense equally. Therefore, Padilla-Pacina's Fourteenth Amendment argument should be rejected. *See United States v. Cardenas-Alvarez*, 987 F.2d 1129 (5th Cir. 1993) (holding that the petitioner's Fourteenth Amendment rights were not violated when sentenced to prison for 100 months upon conviction of unlawful reentry into the United States).

9

Since this area of the law is settled, counsel's failure to not pursue a downward departure cannot be deemed unreasonable. Padilla-Pacina cannot demonstrate that his counsel's performance was deficient or that the result of any proceeding was fundamentally unfair. This claim should likewise be denied.

### 4. *Padilla-Pacina waived his appeal.*

In his fourth point of error Padilla-Pacina claims that his counsel was ineffective for failing to file a notice of appeal. However, Padilla-Pacina filed a statement of no appeal with the district court waiving his right to appeal (Doc. 12). This claim cannot be maintained and should therefore be denied. In *Roe v. Flores-Ortega* the Supreme Court announced the rule that counsel has a constitutional duty to consult with his client about an appeal. 528 U.S. 470, 120 S. Ct. 1029 (2000). The Supreme Court rejected the *per se* rule used by some of the circuits that a lawyer is always obligated to file a notice of appeal or discuss the possibility of an appeal with the defendant. *Roe*, 120 S. Ct. at 1035. The Court first held that the well-known *Strickland* test would apply to counsel's failure to file a notice of appeal. For the "deficient performance prong" it created the new test of **"whether counsel in fact *consulted* with the defendant about an appeal."** *Id.* [emphasis added]. The Court even defined what it meant by "consulting": "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* Then after consulting, if counsel fails to file a notice of appeal over the defendant's express instructions, it would be professionally unreasonable. *Id.* Thus, it begs the question of when does counsel have the constitutional obligation to consult. The Court ruled that, constitutionally, a lawyer has **no *per se* duty to consult in every case.** *Id.* at 1036. For instance, Justice O'Connor gave two hypotheticals that would not require consultation: (1) when the defendant plead guilty, the court

10

informs the defendant of his appellate rights, the defendant never expresses any wishes or interest in an appeal, and counsel does not see any nonfrivolous claims to raise; or (2) when the court fully, clearly, and informatively tells the defendant of his appellate rights, counsel may not feel the need to repeat the information. *See id.*

Therefore, the *Roe* Court held that a lawyer has a constitutional duty to consult when (1) a rational defendant would want to appeal (i.e. when there are nonfrivolous claims), or (2) when the defendant reasonably demonstrates an interest in appeal. *Id.* In *Roe* the defendant had 60 days to file a notice of appeal, but for the first 90 days after judgment he was unable to communicate with his lawyer. He claimed that his lawyer promised she would file a notice of appeal, but never did. Then the defendant untimely filed his own notice of appeal, which was rejected. The Court found that the defendant did not know the process and that he and his lawyer had a conversation in jail just after judgment in which he could have reasonably believed his lawyer would file "appeal papers." *Id.* at 1033.

However, Padilla-Pacina's case is factually different. His trial attorney did consult with him about an appeal. This is evidenced by the filed statement of no appeal signed by both Padilla-Pacina and his attorney. Padilla-Pacina does not allege that his attorney failed to consult with him. He merely alleges that his attorney failed to file a notice of appeal. However, Padilla-Pacina himself waived all appeal rights. Furthermore, Padilla-Pacina's waiver of appeal was knowing, intelligent, and voluntary because he was undoubtedly fully apprised of his appellate rights when he plead guilty and also at sentencing.

The Supreme Court was also willing to take into consideration various factors when scrutinizing counsel's performance when his client pleads guilty – "because a guilty plea greatly reduces the scope of appealable issues." *Id.* at 1036. The Court stated:

11

> Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Id.* In his statement of no appeal, Padilla-Pacina acknowledged that he knew he was waiving a known and important right. To the extent any benefits gleaned from the guilty plea were conditioned on a waiver of appeal, counsel advice to plead guilty and waive cannot be deemed unreasonable Counsel in this case fully complied with his professional obligations: he consulted with Padilla-Pacina as evidenced by his signature on the waiver of appeal and Padilla-Pacina elected to waive the appeal.

"The second part of the *Strickland* test requires the defendant to show prejudice from counsel's deficient performance." *Id.* at 1037. Although the record belies any allegation of deficient performance in the case *sub judice*, the government will briefly address the question of prejudice. The Supreme Court has noted that the defendant must show an unfairness or an unreliability in the process about which he is complaining in order to make out an ineffective assistance of counsel claim. *See id.* The Court stated there is a strong presumption of reliability, but how can there be a presumption of reliability in a judicial process that never took place. *Id.* at 1037-38. In *Roe* there was never a notice of appeal timely filed on behalf of the defendant. *Id.* at 1038. Therefore, the judicial process of an appeal never took place; it was forfeited, and the deficient performance of counsel **deprived the defendant of that right altogether.** *Id.* "The even more serious denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, similarly demands a presumption of prejudice." *Id.* However, "[i]f the defendant cannot demonstrate that, but for counsel's deficient performance,

he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief." *Id.* Padilla-Pacina must show "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* See also *Brown v. Johnson*, 224 F.3d 461, 466 (5th Cir. 2000) (quoting *Roe*, 120 S. Ct. at 1038). This is a showing of actual prejudice. *Id.* And when the defendant makes a showing that his lawyer failed to consult with him about an appeal that he would have otherwise taken, then it presumes prejudice and a successful ineffective assistance claim has been made. *Roe*, 120 S. Ct. at 1039.

The Court also stated that "evidence that there were nonfrivolous grounds for appeal or that the defendant...expressed a desire to appeal will often be highly relevant in making this determination [of prejudice]." *Id.* The Court observed that both prongs of *Strickland* "may be satisfied if the defendant shows nonfrivolous grounds for appeal." *Id.* Thus the Court held that for the second prong, the defendant must "demonstrate that, but for counsel's deficient conduct, he would have appealed." *Id.*

However, in Padilla-Pacina's case, his lawyer did consult with him about an appeal; therefore, there is no deficient performance. Moreover, Padilla-Pacina cannot show actual prejudice in that it was counsel's error that deprived him of his appeal right. Padilla-Pacina waived all rights to an appeal with his statement of no appeal; therefore, *Roe* is again distinguishable. Even though in retrospect Padilla-Pacina wants to appeal, he has not demonstrated to this court any nonfrivolous grounds for appeal. Therefore, since Padilla-Pacina was not deprived of his statutory right altogether, he has failed to show prejudice.

Padilla-Pacina has failed to demonstrate the requisite showing needed for a claim of ineffective assistance of counsel in failing to timely file a notice of appeal. Specifically, his

13

attorney's conduct was not professionally unreasonable because (1) his attorney did meet his constitutional obligation of consulting with his client and (2) Padilla-Pacina has failed to show that he has nonfrivolous grounds for appeal. Moreover, despite this effective assistance by counsel, Padilla-Pacina cannot demonstrate any prejudice because (1) there is no presumed prejudice because counsel did consult with him, (2) he timely filed his own notice of appeal against counsel's admonitions and contrary to his signed statement of no appeal, (3) he waived his right to appeal with the statement of no appeal, and (4) he has failed to show that he had nonfrivolous grounds for appeal. Therefore, this claim should be denied and his motion to vacate dismissed.

### B. *There is no need for an evidentiary hearing.*

A motion for relief under § 2255 requires an evidentiary hearing unless the entire record of the case conclusively shows that no relief is appropriate. 28 U.S.C. § 2255; Rule 8(a); *United States v. Santora*, 771 F.2d 41 (5th Cir. 1983). If the record is adequate to fairly dispose of the allegations, the court need not inquire further. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990). "'When claims for habeas relief are based on unsupported generalizations, a hearing is not required.'" *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980) (quoting *Scott v. United States*, 598 F.2d 392, 393 (5th Cir. 1979); *United States v. Guerra*, 588 F.2d 519, 521 (5th Cir. 1979)). The allegations raised by Padilla-Pacina may properly be resolved on the basis of the record before this court. The instant motion does not merit an evidentiary hearing; therefore, relief should be summarily denied and this petition dismissed.

14

# V.

# CONCLUSION

The government prays that, in light of the above arguments, Padilla-Pacina's motion for relief under 28 U.S.C. § 2255 be denied and that this court enter an order dismissing Civil Case No. B-01-042.

                                              Respectfully submitted,

                                              GREGORY A. SERRES
                                              United States Attorney

By: _____
       JAMES L. TURNER
       Assistant United States Attorney
       910 Travis, Suite 1500
       P.O. Box 61129
       Houston, Texas 77208-1129
       Federal Bar: 1406
       State Bar: 20316950

## CERTIFICATE OF SERVICE

I, James L. Turner, do hereby certify that a true and correct copy of the above and foregoing Response and Motion to Dismiss Padilla-Pacina's Motion for Relief under 28 U.S.C. § 2255 was served on July 26, 2001, via certified mail, return receipt requested to:

Mr. Juan Antonio Padilla-Pacina
Prisoner Number 05602-032
FCC Beaumont Low
P.O. Box 26020
Beaumont, Texas 77720-6020

_____
JAMES L. TURNER
Assistant United States Attorney

16

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN ANTONIO PADILLA-PACINA,<br>    Petitioner, | §<br>§<br>§ | Civil No. B-01-042 |
| v. | §<br>§ | (Criminal No. B-00-010) |
| UNITED STATES OF AMERICA,<br>    Respondent. | §<br>§<br>§ | |

## ORDER

It is hereby ORDERED that the government's motion to dismiss is granted.

SIGNED this _____ day of _____ 2001.


_____
UNITED STATES DISTRICT JUDGE

ClibPDF - www.fastio.com