UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 16 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JUAN ANTONIO PADILLA-PECINA, Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. B-01-042 CRIMINAL NO. B-00-010 |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Petitioner Padilla-Pecina is a federal inmate currently incarcerated at a federal penitentiary in Beaumont, Texas. Padilla-Pecina was originally arrested by the Texas Department of Public Safety on December 5, 1999 for evading arrest. He was then transported to the Brownsville, Texas City Jail. While being processed, Padilla-Pecina proclaimed to be a citizen of Mexico; therefore, the United States Border Patrol was contacted to further investigate his immigration status. Following a records check and an interview by the Border Patrol, it was determined that Padilla-Pecina was from Mexico and had no authority to be in the United States. The pending state charges were thus dropped, and Padilla-Pecina was transferred to federal custody.

Subsequent record checks revealed that Padilla-Pecina had been previously deported from the United States to Mexico on August 20, 1998. This deportation was due to his federal conviction in the Eastern District of Kentucky for conspiracy to possess marijuana with intent to distribute, which is a violation of 21 U.S.C. § 846. This felony offense is also considered an

1

Case 1:01-cv-00042   Document 7   Filed in TXSD on 10/16/2001   Page 2 of 12

aggravated felony under 8 U.S.C. § 1101(a)(43). Following this deportation, Padilla-Pecina was found within the borders of the United States without permission from the Attorney General for lawful reentry.

On January 4, 2000, a grand jury for the United States District Court for the Southern District of Texas, Brownsville Division, returned an indictment in Criminal Case No. B-00-010, charging Padilla-Pecina with one count of being an alien unlawfully found in the United States after deportation (i.e. illegal reentry). This offense was in violation of 8 U.S.C. § 1326(a) and § 1326(b). On April 14, 2000, the District Court ordered him to serve a 70-month term of confinement that was to be followed by a three-year term of supervised release.

Padilla-Pecina filed a statement of no appeal on April 14, 2000. The judgment of conviction was entered on May 12, 2000. Furthermore, pursuant to his own waiver of appeal, Padilla-Pecina did not file a notice of appeal. Consequently, Padilla-Pecina's judgment of conviction and sentence became final on May 22, 2000 (10 days after the amended judgment was entered).[1]

Petitioner Padilla-Pecina now seeks post-conviction relief under 28 U.S.C. §2255, and raises the following issues:

> 1) Whether Petitioner was denied effective assistance of counsel because counsel failed to object to the fact that the indictment did not list 8 U.S.C. § 1326 as a separate element of the offense;
>
> 2) Whether Petitioner was denied effective assistance of counsel because counsel failed to object to the fact that the indictment did not contain an element of mens rea;
>
> 3) Whether Petitioner was denied effective assistance of counsel because counsel

---

[1] See FED. R. APP. P. 4(b)(1)(A).

2

failed to argue certain mitigating facts at sentencing for a downward departure;

4) Whether Petitioner was denied effective assistance of counsel because counsel failed to file a notice of appeal.

## STANDARD

Petitioner Padilla-Pecina raises four different proposed errors which he claims entitle him to relief under § 2255. All four of the claims have the consistent theme of ineffective assistance of counsel. The constitutional standard for determining whether a criminal defendant has been denied the effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in the case of *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.[2]

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness."[3] In so doing, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of

---

[2] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[3] *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992), *cert. denied*, 507 U.S. 1056 (1993); and *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992), *cert. denied*, 504 U.S. 992 (1992).

reasonable professional assistance.[4] The courts are extremely deferential in scrutinizing the performance of counsel and make every effort to eliminate the distorting effects of hindsight.[5] It is strongly presumed that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.[6] An attorney's strategic choices, usually based on information supplied by the defendant and from a thorough investigation of relevant facts and law are virtually unchallengeable.[7] Counsel is required neither to advance

---

[4] *See Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000) (holding that trial counsel's decision not to put defendant on the stand in light of defendant's prior criminal record is a judgment call which seldom, if ever, will support a claim of ineffective assistance); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997), *cert. denied*, 523 U.S. 1099 (1998); *Belyeu v. Scott*, 67 F.3d 535, 538 (5th Cir. 1995), *cert. denied*, 517 U.S. 1144 (1996); *Duff-Smith v. Collins*, 973 F.2d at 1182. A federal habeas petitioner must carry the burden of demonstrating both counsel's deficient performance and resultant prejudice. *See Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993); *Martin v. Maggio*, 711 F.2d 1273, 1279 (5th Cir. 1983), *cert. denied*, 469 U.S. 1028 (1984).

[5] *See Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *Burger v. Kemp*, 483 U.S. 776, 789 (1987); *Strickland v. Washington*, 466 U.S. at 689; *United Stats v. Drones*, 218 F.3d 496, 500-03 (5th Cir. 2000); *Carter v. Johnson*, 131 F.3d at 463; *Williams v. Cain*, 125 F.3d 269, 276 (5th Cir. 1997), *cert. denied*, 525 U.S. 859 (1998); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997); *United States v. Gaudet*, 81 F.3d 585, 592 (5th Cir. 1996); and *Belyeu v. Scott*, 67 F.3d at 538. The deficiency prong of *Strickland* is judged by counsel's conduct under the law existing at the time of the conduct, *see Westley v. Johnson*, 83 F.3d 714, 723 (5th Cir. 1996), *cert. denied*, 519 U.S. 1094 (1997), and in view of the facts and resources available at the time of trial. *See Williams v. Cain*, 125 F.3d at 276, citing *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994), *cert. denied*, 513 U.S. 960 (1994).

[6] *See Strickland v. Washington*, 466 U.S. at 690; and *Duff-Smith v. Collins*, 973 F.2d at 1182.

[7] *See Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998), *cert. denied*, 528 U.S. 895 (1999); *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997), *cert. denied*, 522 U.S. 944 (1997); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997) (stating that "a conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness"); *Boyle v. Johnson*, 93 F.3d 180, 187-88 (5th Cir. 1996), *cert. denied*, 519 U.S. 1120 (1997) (holding that an attorney's decision not to pursue a mental health defense or to present mitigating evidence concerning the defendant's possible mental illness was reasonable where counsel was concerned that such testimony would not be viewed as mitigating by the jury and that the prosecution might respond to such testimony by putting on its own psychiatric testimony regarding the defendant's violent tendencies); *West v. Johnson*, 92 F.3d 1385, 1406-09 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997) (holding that a trial counsel's failure to conduct further investigation into the defendant's

every non-frivolous argument nor to investigate every conceivable matter inquiry into which could be classified as non-frivolous.[8] A criminal defense counsel is not required to exercise clairvoyance during the course of a criminal trial.[9] Likewise, the Sixth Amendment does not require that counsel do what is impossible or unethical; if there is no bona fide defense to the charge, counsel is not required to create one.[10]

The proper standard for evaluating counsel's performance under the Sixth Amendment is "reasonably effective assistance."[11] "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on

---

head injury and psychological problems was reasonable where interviews with the defendant and the defendant's family failed to produce any helpful information); *Bryant v. Scott*, 28 F.3d 1411, 1435 (5th Cir. 1994), *citing Strickland v. Washington*, 466 U.S. at 691; and *Andrews v. Collins*, 21 F.3d at 623 (holding that counsel acted reasonably in failing to further pursue the defendant's mental capacity or background where counsel had no reason to believe that further investigation would be useful).

[8] *See Neal v. Cain*, 141 F.3d 207, 214-15 (5th Cir. 1998), (holding that petitioner's complaints regarding counsel's failure to raise specific defenses did not satisfy prejudice prong of *Strickland* where proposed defenses were without merit); *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (ruling that "counsel cannot be deficient for failing to press a frivolous point"); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (opining that "counsel is not required by the Sixth Amendment to file meritless motions"); *Smith v. Collins*, 977 F.2d 951, 960 (5th Cir. 1992), *cert. denied*, 510 U.S. 829 (1993) (revealing that "the defense of a criminal case is not an undertaking in which everything not prohibited is required. Nor does it contemplate the employment of wholly unlimited time and resources"); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (stating that "counsel is not required to make futile motions or objections"); and *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985) (holding that defense counsel is not required to investigate everyone whose name is mentioned by the defendant).

[9] *See Sharp v. Johnson*, 107 F.3d 282, 290 n.28 (5th Cir. 1997), *citing Garland v. Maggio*, 717 F.2d 199, 207 (5th Cir. 1983) (holding that clairvoyance is not a required attribute of effective representation). *See also Lackey v. Johnson*, 116 F.3d at 152 (ruling that trial counsel was not ineffective for failing to discover evidence about which the defendant knew but withheld from his counsel).

[10] *See United States v. Cronic*, 466 U.S. 648, 656 n.19 (1984); and *Jones v. Jones*, 163 F.3d at 303.

[11] *Strickland v. Washington*, 466 U.S. at 687; *Bullock v. Whitley*, 53 F.3d 697, 700 (5th Cir. 1995).

the judgment."[12]  "Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."[13]  In order to establish that he has sustained prejudice, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."[14]  The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair; unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him.[15]

The *Strickland* test has been applied to challenges to guilty pleas based on allegations of ineffective assistance of counsel.[16]  To demonstrate prejudice in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for the alleged errors of his attorney, he would not have pleaded guilty but would have insisted on going to trial.[17]

Because a convicted defendant must satisfy <u>both</u> prongs of the *Strickland* test, a failure to

---

[12] *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2067.

[13] *Id.*

[14] *Williams v. Taylor*, 529 U.S. at 391; *Strickland v. Washington*, 466 U.S. at 694.

[15] *Williams v. Taylor*, 529 U.S. at 393 n.17; *Strickland v. Washington*, 466 U.S. at 692.

[16] *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996); *Randle v. Scott*, 43 F.3d at 225; and *Armstead v. Scott*, 37 F.3d at 206.

[17] *See Hill v. Lockhart*, 474 U.S. at 58-59; *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000), *cert. denied*, 531 U.S. 919 (2000); *United States v. Payne*, 99 F.3d at 1282; *Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995), *cert. denied*, 516 U.S. 1133 (1996); *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995); *Randle v. Scott*, 43 F.3d at 225; and *Armstead v. Scott*, 37 F.3d at 206.

establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong.[18] Therefore, a failure to establish that counsel's performance fell below an objective standard of reasonableness avoids the need to consider the issue of prejudice.[19] It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice.[20] Mere conclusory allegations in support of claims of ineffective assistance of counsel are insufficient, as a matter of law, to raise a constitutional issue.[21]

## ANALYSIS

*Petitioner's Issue #1*

Petitioner's first claim is essentially an *Apprendi* argument, taken from a recent Supreme Court case.[22] Padilla-Pecina claims that the indictment in his case was deficient because it did not include an allegation that § 1326(b)(2) was a separate element of the offense of illegal

---

[18] *See Strickland v. Washington*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 721; *Green v. Johnson*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); and *Armstead v. Scott*, 37 F.3d at 210. *See also Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993) (holding that the defendant bears the burden of proof on both prongs of the *Strickland* test).

[19] *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); and *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987), *cert. denied*, 484 U.S. 842 (1987).

[20] *See Black v. Collins*, 962 F.2d at 401; *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986), *cert. denied*, 482 U.S. 916 (1987); and *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986), *cert. denied*, 479 U.S. 1057 (1987).

[21] *See Kinnamon v. Scott*, 40 F.3d 731, 735 (5th Cir. 1994), *cert. denied*, 513 U.S. 1054 (1994); *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994); *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Russell v. Lynaugh*, 892 F.2d 1205, 1213 (5th Cir. 1989), *cert. denied*, 501 U.S. 1259 (1991); *United States v. Woods*, 870 F.2d 285, 288 n.5 (5th Cir. 1989); and *Ross v. Estelle*, 694 F.2d 1008, 1011-12 & n.2 (5th Cir. 1983).

[22] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

reentry, and therefore his lawyer should have objected to the absence. However, the rule, which is mandated by the Supreme Court and Fifth Circuit, is that § 1326(b)(2) is a statutory enhancement of illegal reentry and not a separate element of the offense.[23] As a statutory enhancement, § 1326(b)(2) need not be alleged in the indictment.[24]

Petitioner asserts that this court should overrule the cases that stand contrary to his position. However, this Court does not have the authority to overrule Supreme Court and Fifth Circuit precedence.[25] Given the fact that Supreme Court and Fifth Circuit precedent stood firmly against defense counsel on this issue, Petitioner fails to show any deficient performance by his trial counsel. Therefore, there is no need to proceed to the prejudice prong on this issue.

*Petitioner's Issue #2*

Padilla-Pecina maintains that his counsel was ineffective due to the fact that he failed to object to an indictment that did not contain an element of mens rea. Petitioner claims that the government's failure to state a mental state renders the indictment insufficient. Notwithstanding this argument, counsel was not deficient in his failure to object to the indictment. An indictment charging a defendant with illegal reentry in violation of § 1326(a) is sufficient when it alleges the defendant was found in the United States after having been properly deported.[26] With the

---

[23] *See Almendrez-Torres v. United States*, 523 U.S. 224, 247 (1998); *Apprendi v. United States*, 530 U.S. at 489-90; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000), *cert. denied* 121 S.Ct. 1214 (2001).

[24] *See id.*

[25] *See United States v. Dabeit*, 231 F.3d at 984 (ruling on this exact same issue that the Fifth Circuit "has a duty to follow precedent, especially Supreme Court precedent").

[26] *See United States v. Berrios-Centeno*, 250 F.3d 294, 300 (5th Cir. 2000).

established law as such, Petitioner's ineffective assistance argument again fails to reach the second prong in this instance.

*Petitioner's Issue #3*

In his third point of error, Petitioner contends that he was denied effective assistance of counsel because counsel did not argue for a downward departure from the Sentencing Guidelines. The petitioner claims that due to his status as a deportable alien, he should have been entitled to a downward departure. Padilla-Pecina cites cases that loosely support the claim that he was privileged to the departure. However, the cases are from other circuits that are simply not controlling in the Fifth Circuit. Additionally, the cases that Petitioner cites do not arise from violations of the immigration laws.

The Fifth Circuit has found that a defendant's status as a deportable alien does not warrant a downward departure from the Sentencing Guidelines.[27] Therefore, counsel's performance in Padilla-Pecina's case can not be deemed unreasonable or lacking because the sentence was within the Sentencing Guidelines and could not be reduced based upon Petitioner's status as a deportable alien. Again, counsel's performance can not be deemed inadequate, so there is no need to evaluate the prejudice prong of the *Strickland* test.

Additionally, Petitioner argues that his right to Equal Protection under the Fourteenth Amendment was violated because of the disparity of sentences between an American convicted of a drug offense and an alien convicted of a drug offense. Petitioner, however, was convicted of being found illegally in the United States so this point is moot.

---

[27] *See United States v. Garay*, 235 F.3d 230, 233 (5th Cir. 2000).

9

*Petitioner's Issue #4*

In his fourth point of error, Padilla-Pecina claims that his counsel was ineffective for failing to file a notice of appeal. Petitioner, however, waived his right to appeal by filing a statement of no appeal with the district court. It is apparent that Padilla-Pecina's attorney did consult with him about whether to appeal as evidenced by his signature on the statement of no appeal. Thus, by merely alleging that his attorney failed to file a notice of appeal, Petitioner has neglected to explain why he and his attorney both signed the statement that essentially waived all appeal rights. Again, this is a situation where there is no need to analyze the prejudice prong of the *Strickland* test because Petitioner's counsel showed no signs of ineffectiveness.

## RECOMMENDATION

After a thorough review of the law surrounding ineffective assistance of counsel, it becomes evident that Petitioner's counsel leading up to his conviction was at the very least "reasonably effective."[28] For this reason and the reasons set forth above, Petitioner's Motion for Relief pursuant to 28 U.S.C. § 2255 should be DENIED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

---

[28] *Strickland v. Washington*, 466 U.S. at 687; *Bullock v. Whitley*, 53 F.3d 697, 700 (5th Cir. 1995).

10

DONE at Brownsville, Texas this 15th day of October, 2001.

_____
Felix Recio
United States Magistrate Judge

11

ClibPDF - www.fastio.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN ANTONIO PADILLA-PECINA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-01-042 |
| | § | CRIMINAL NO. B-00-010 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## **ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the file, Petitioner's Post Conviction Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 is hereby DENIED.

DONE in Brownsville, Texas on this _____ day of _____, 2001.

_____
Hilda G. Tagle
United States District Judge

12